Hely, J.
I. Introduction
The complaint alleges that the plaintiff was hit by a school bus operated for the defendant school district by an independent contractor, Ryder Transportation Services. The complaint states that the bus driver, an employee of Ryder, was driving negligently when her bus hit the plaintiff. The complaint further alleges that before the accident the plaintiff had informed the defendant school district that this driver “was not competent to operate a school bus and posed a danger to school children and others.” On the motion to dismiss, the facts alleged in the complaint are assumed to be true.
The school district is entitled to dismissal under the “not originally caused” exclusion in the Tort Claims Act, G.L.c. 258, §10(j). Brum v. Dartmouth, 428 Mass. 684, 692-93 (1999).
II. The Not-Originally-Caused Exclusion
The negligence claim against the school district is limited by the State Tort Claims Act, G.L.c. 258. The school district relies on the exclusion in Section 10(j) of the Act. This exclusion states that the Act’s provisions shall not apply to “any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.”[1]
The plaintiffs claim against the school district in this case fits within the Section 10Q) exclusion language as a claim based on a “failure to act to prevent or diminish the harmful consequences of a condition or situation.” The' school district is immune under Section 10(j) from such claims “except where ‘the condition or situation’ was ‘originally caused by the public employer.’ ” Brum v. Dartmouth, 428 Mass. 684, 692 (1999).
The plaintiffs specific claim is that despite her prior warning to the school district about this particular driver, the school district failed to act to prevent the danger that the driver posed to school children and others. Under Section 10(j), as interpreted in Brum, this failure to prevent the danger, even a known danger, is statutorily exempt from liability. As in Brum, the school district “might have prevented the . . . [injury] but failing to prevent, under the statute, is in the excluded category.” Brum, 428 Mass. at. 693. Otherwise practically every failure to prevent might be recast as originally causing the dangerous condition, and the exception would swallow the rule. Id. See Kent v. Commonwealth, 437 Mass. 312, 318 (2002) (“We have also construed the ‘original cause’ language to mean an affirmative act (not a failure to act) by a public employer that creates the ‘condition or situation’ that results in harm inflicted by a third party”).
It should further be noted that the school district’s alleged negligence in this case is not the equivalent of the parole officer’s alleged negligence in recommending the assailant for employment at a trailer park in Bonnie W. v. Commonwealth, 419 Mass. 122 (1994). As the court pointed out in Brum, the parole officer’s job recommendation in Bonnie W. “was an affirmative act on the part of the officer that created a situation in which a sexual predator held a job giving him access to the keys to every trailer in the park.” Brum, 428 Mass. at 695. Unlike the situation in Bonnie W., the defendant school district in this case did not select, recommend, hire or affirmatively place the negligent bus driver. The school district may have failed to demand her discharge in response to a warning, but it did not “originally cause[ ]” the “tortious conduct of . . . [the] third person.” G.L.c. 258, §10(j).
The plaintiff also relies on the final clause of Section 10(j) (the final clause prior to the exceptions). The plaintiff argues that the dangerous condition was originally caused by the bus driver and that she was a “person acting on behalf of the public employer.” If the plaintiffs interpretation of this clause were correct, a municipality or other public employer would be liable for the negligent driving of an employee of an independent contractor. This would create a new and wider breadth of liability for cities and towns that did not exist before the adoption of the Tort Claims Act. It would also nin contraiy to the analysis of the “not originally caused” exclusion in Brum, supra. On the basis of Brum and Kent, supra, the court concludes that this last clause of Section 10(j) applies only to negligent conduct by an employee or person under the direction and control of the public employer that “originally caused” the injury. In this case, assuming the truth of the allegations in the complaint, the injury was “originally caused” by the bus driver and not by *285 an employee or person acting under the direction and control of the school district.
III. Order
The motion to dismiss is allowed. A judgment will enter dismissing the action.

There axe statutory exceptions to the Section 10(J) exclusion, but they have no applicability to this case. The plaintiff does not contend otherwise.